## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CABELL COUNTY BOARD OF EDUCATION,**
**Employer Below, Petitioner**

**FILED**
**February 27, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-538**          (JCN: 2022004971)

**KATURA LYLES,**
**Claimant Below, Respondent**


### MEMORANDUM DECISION

Petitioner Cabell County Board of Education, ("CCBOE") appeals the November 9, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Katura Lyles filed a response.[1] CCBOE did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Ms. Lyles a 4% permanent partial disability ("PPD") award, and instead granting her an additional 6% PPD award, for a total PPD award of 10%.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed.

On August 27, 2021, while employed by CCBOE, Ms. Lyles slipped on water and fell forward, landing on both knees. Ms. Lyles complained of pain in both knees, pain in the left hip, and pain in the left shoulder. She was diagnosed with left hip strain, left knee contusion, and right knee contusion. Ms. Lyles reported no prior injuries to her left hip or either knee, but she stated that she had pain in those areas for around three years prior to the compensable injury that had been treated with steroid injections.

Ms. Lyles was seen by Prasadarao Mukkamala, M.D., on April 1, 2022, for an independent medical evaluation ("IME"). Dr. Mukkamala opined that Ms. Lyles had reached maximum medical improvement ("MMI") for the injuries to her left hip and left knee, but she had not reached MMI for her right knee injury. Using the American Medical

---

[1] CCBOE is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq. Ms. Lyles is represented by Hoyt Glazer, Esq.

1

Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Mukkamala rated Ms. Lyles' permanent impairment of her left hip and knee. Dr. Mukkamala found that Ms. Lyles had normal range of motion and preexisting pain and thus she had 0% permanent impairment related to her compensable injuries.

On April 5, 2022, Ms. Lyles underwent right knee arthroscopy with partial medial and lateral meniscectomies, which were authorized by the claim administrator. The claim administrator issued an order dated April 8, 2022, which closed the claim for PPD benefits and granted a 0% PPD award based on Dr. Mukkamala's report. Ms. Lyles did not protest this order.

Dr. Mukkamala reevaluated Ms. Lyles on June 24, 2022. He opined that Ms. Lyles had reached MMI for all of her injuries. Using the *Guides*, Dr. Mukkamala found that Ms. Lyles had 4% whole person impairment ("WPI") related to her compensable right knee injury. The claim administrator issued an order dated July 25, 2022, granting a 4% PPD award and Ms. Lyles protested this order.[2]

On October 13, 2022, Bruce Guberman, M.D., performed an IME of Ms. Lyles. Dr. Guberman opined that Ms. Lyles had reached MMI for the injuries to her left hip and left knee, but she had not reached MMI for her right knee injury. Using the *Guides*, Dr. Guberman found that Ms. Lyles had 4% impairment related to her left knee and 2% impairment related to her left hip due to range of motion abnormalities. Although Ms. Lyles had not reached MMI, Dr. Guberman opined that Ms. Lyles would not have any less than 4% impairment related to her right knee due to her surgery. Thus, Dr. Guberman found that Ms. Lyles had a total of 10% WPI related to her compensable injuries. Dr. Guberman chose not to apportion any of the impairment for preexisting conditions because Ms. Lyles had no range of motion abnormalities prior to her compensable injury and none of her prior pain had affected her work or activities of daily life.

Ms. Lyles was evaluated by David Soulsby, M.D., on July 18, 2023. Dr. Soulsby opined that Ms. Lyles had reached MMI for all compensable injuries. Using the *Guides*, Dr. Soulsby found that Ms. Lyles had 4% impairment related to her left knee, 2% impairment related to her left hip, and 4% impairment related to her right knee due to range of motion abnormalities. Dr. Soulsby apportioned 5%, or half of the total impairment, to preexisting osteoarthritis.

On November 9, 2023, the Board reversed the claim administrator's order, which granted Ms. Lyles a 4% PPD award and instead granted her an additional 6% PPD award, for a total PPD award of 10%. The Board found that Dr. Guberman's report was the most

---

[2] There is no indication in the record that Ms. Lyles filed to reopen her claim for PPD.

reliable and credible based on the medical evidence. CCBOE now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, CCBOE argues that the Board should not have considered Ms. Lyles' left knee and left hip, as they had been the subject of a previous order that granted a 0% PPD award, and she did not protest that order.[3] We agree.

Here, the Board found that the report of Dr. Guberman was the most reliable and persuasive as the impairment rating and amount of the rating apportioned to preexisting injuries was supported by the medical evidence. The Board found that Dr. Mukkamala's report was not reliable as the range of motion findings were not supported by the evidence, and, further, were inconsistent with the range of motion findings of Drs. Guberman and Soulsby. The Board found that Dr. Soulsby's report was less credible than Dr. Guberman's because the amount of the impairment that Dr. Soulsby apportioned to preexisting conditions was not supported by the evidence. Ultimately, the Board found that Ms. Lyles was entitled to an additional 6% PPD award based on the report of Dr. Guberman, for a total PPD award of 10%.

---

[3] CCBOE raised other arguments in its brief that this Court does not address as the above argument is dispositive in the instant case.

Upon review, we conclude that the Board improperly considered Ms. Lyles' left knee and left hip when determining her total permanent impairment. Ms. Lyles was granted 0% PPD for her left knee and left hip in the claim administrator's April 8, 2022, order, which she did not protest and is a final order. Drs. Guberman and Soulsby included impairment ratings for the left hip and left knee in their overall impairment ratings. The Board was clearly wrong in adopting Dr. Guberman's impairment rating as he included Ms. Lyles' left knee and left hip impairment. We note that Dr. Guberman found 4% WPI for the right knee, which was the same amount of impairment that Dr. Mukkamala found. Ms. Lyles has not established that she is entitled to more than 4% PPD.

Accordingly, we reverse the Board's November 9, 2023, order and reinstate the claim administrator's order dated July 25, 2022, which granted a 4% PPD award for the right knee.

Reversed.

**ISSUED:** February 27, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating